**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONGCE ZHANG,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   17-72746

Agency No. A205-190-433

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2020[**]
Pasadena, California

Before: FERNANDEZ and LEE, Circuit Judges, and ORRICK,[***] District Judge.

Petitioner Rongce Zhang, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

dismissal of her appeal from the Immigration Judge's ("IJ") denial of her application for asylum,[1] withholding of removal,[2] and Convention Against Torture ("CAT")[3] relief. We deny the petition.

The BIA's determination that an alien is "not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). The same standard applies to adverse credibility determinations. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

The BIA agreed with the IJ's determination that Zhang was not credible and therefore concluded that she failed to meet her burden of showing that she had suffered a forced abortion. *See* 8 U.S.C. § 1101(a)(42). We have reviewed the record and are satisfied that the adverse credibility determination was supported by

_____

[1]8 U.S.C. § 1158(a)(1).

[2]8 U.S.C. § 1231(b)(3)(A).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

substantial evidence. The BIA pointed to inconsistencies regarding Zhang's claimed infertility as well as the omission from her asylum application of an incident where she was physically restrained during the forced implantation of an intrauterine device. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016); *Shrestha,* 590 F.3d at 1043–44. It also noted Zhang's undetailed and inconsistent testimony regarding her cousin in finding Zhang not credible. *See Shrestha*, 590 F.3d at 1040; *see also Bingxu Jin v. Holder*, 748 F.3d 959, 964, 966 (9th Cir. 2014).[4]

Moreover, on this record, Zhang has failed to establish a clear probability of persecution, as required for her withholding of removal claim. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Additionally, the evidence in the record does not compel a determination that it is more likely than not that Zhang would be tortured in China. Thus, she is not entitled to CAT relief. *Lianhua Jiang*, 754 F.3d at 740–41; *see also Farah*, 348 F.3d at 1156–57.

Petition **DENIED**.

---

[4]Because these grounds are "sufficient to support the . . . credibility finding," we need not and do not consider others. *Lianhua Jiang*, 754 F.3d at 738–39.